UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60009-CIV-MARRA

JOE ALVAREZ,

        Plaintiff,
vs.

BANK OF AMERICA CORPORATION,
a foreign corporation,

        Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant's Motion to Dismiss (DE 5). The Motion is ripe for review. The Court has considered the briefing and is otherwise fully advised in the premises. For the reasons stated below, Defendants' Motion to Dismiss (DE 5) is **GRANTED**.

**I. Background**

Plaintiff alleges that he entered into a mortgage contract with Countrywide Bank, FSB in 2007. On June 13, 2008, the debt was discharged in bankruptcy. On July 21, 2011, Defendant purchased the right to foreclose on the property from the original lender. Plaintiff alleges that Defendant was obligated to offer loan modifications to homeowners under the contract between Defendant and the Treasury Department entered into pursuant to the Emergency Economic Stabilization Act of 2008 ("EESA"), as amended by the American Recovery and Reinvestment Act of 2009, 12 U.S.C. 5201, *et seq.*, and the Home Affordable Modification Program ("HAMP"), a program created under these Acts. Plaintiff asserts that he was a third-party beneficiary of this contract, and that Defendant breached the agreement.

On this basis, Plaintiff seeks to quiet title to his property (Count I), and he alleges a breach of contract (Count II), and a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla. Stat. § 501.201, *et seq*. (Count III).  Plaintiff initiated this case in state court, and Defendant removed it, basing jurisdiction on diversity of citizenship, 28 U.S.C. § 1332.  Defendant moved to dismiss the Complaint with prejudice pursuant to the Federal Rule of Civil Procedure 12(b)(6).  Plaintiff concedes that Count I should be dismissed, but opposes dismissal of Counts II and III.

**II. Legal standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Overall, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal quotation omitted); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**III. Discussion**

**1. Breach of contract claim (Count II)**

Plaintiff argues that he is a third-party beneficiary of the contract between Defendant and the Treasury Department, which was entered into pursuant to the the Emergency Economic Stabilization Act of 2008 ("EESA"), as amended by the American Recovery and Reinvestment Act of 2009, 12 U.S.C. 5201, *et seq.*, and the Home Affordable Modification Program ("HAMP"), a program created under these Acts. The Eleventh Circuit has held that there is no express or implied right of private action under the EESA or HAMP. *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012). Thus, unless Plaintiff's claim is based on a breach of contract that is independent of Defendant's obligations under the EESA or HAMP, the claim fails as a matter of law. *See id.*

Here, the Complaint only states that Defendant "entered into a contract with the Treasury Department of the United States in exchange for 25 billion dollars in TARP funds," and that Defendant was obligated to "perform certain actions to borrowers, the intended third party beneficiaries under said contract, including, but not limited to, offering permanent loan modifications to eligible homeowners (including those that had received a discharge in bankruptcy)." Compl., ¶¶ 34, 35. Because Plaintiff failed to provide sufficient details about the alleged contract, it is unclear whether the obligations upon which Plaintiff relies are independent of the obligations created by the EESA and HAMP. However, Plaintiff offers to either attach the contract or to make more detailed

allegations to comply with the Federal Rules of Civil Procedure. Thus, the Court will grant Plaintiff leave to amend.[1]

**2. FDUPTA claim (Count III)**

Defendant argues that Plaintiff failed to state a claim upon which relief may be granted under FDUPTA. The Court agrees.

> In order to prevail under a claim for a traditional FDUPTA violation, Plaintiff must establish the following: "1) a deceptive act or unfair practice; 2) causation; and 3) actual damages." *Feheley v. Lai Games Sales, Inc.*, No. 08–23060–civ, 2009 WL 2474061, at *5 (S.D.Fla.2009); *Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10–22153–CIV, 2011 WL 4434891, at *5 (S.D.Fla. Sept.23, 2011) (citing *KC Leisure, Inc. v. Haber*, 972 So.2d 1069, 1073 (Fla. 5th DCA 2008)). A "deceptive act or unfair practice" may be found when "there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Sundance Apartments I, Inc. v. General Elec. Capital Corp.*, 581 F.Supp.2d 1215, 1220 (S.D.Fla.2008) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.2d 773, 777 (Fla.2003)). In contrast, a "*per se* violation of FDUPTA stems from the transgression of '[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition or unfair, deceptive, or unconscionable acts or practices.'" *Feheley*, 2009 WL 2474061, at *4 (citing Fla. Stat. § 501.203(3)(c)).

*Blair v. Wachovia Mortg. Corp.*, 5:11-CV-566-OC-37TBS, 2012 WL 868878 at *3 (M.D. Fla. 2012).

Here, no facts supporting a causal connection between Defendant's conduct and Plaintiff's damages are alleged. Thus, Plaintiff has failed to state a claim under FDUPTA upon which relief

---

[1] Relying on the Florida Rule of Civil Procedure 1.130, Defendant also argues that Plaintiff's breach of contract claim should be dismissed for failure to attach the contract to the Complaint. However, "once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 437 (1974). Federal Rule of Civil Procedure 8 only requires a fair notice of the claim rather than attachment of evidence to the complaint. *See Manicini Enterprises, Inc. v. Am. Exp. Co.*, 236 F.R.D. 695, 698 (S.D. Fla. 2006).

may be granted.

Defendant also argues that Bank of America Corporation, which is a holding company, is the wrong Defendant because the mortgage in question was assigned to another entity, which later merged into Bank of America, National Association, a federally regulated bank exempt from FDUPTA.  Defendant supports its argument by public records and case law, and asks the Court to take judicial notice of the records and to dismiss the FDUPTA claim with prejudice.  However, the Court need not address this argument at this time because Plaintiff failed to state a claim.  The Court will grant Plaintiff leave to amend the Complaint.  If Plaintiff chooses to do so and re-asserts the FDUPTA claim, Defendant may re-assert the exemption argument in an appropriate motion for summary judgment.  *Blair*, 2012 WL 868878 at *4.

## IV. Conclusion

Accordingly, Defendants' Motion to Dismiss Complaint (DE 5) is **GRANTED**.  Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff will have leave to amend the Complaint **within 20 days** from the date of the Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of July, 2014.

_____
KENNETH A. MARRA
United States District Judge