UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| JOE ALVAREZ, | ) | Civil Action No.: 14-cv-60009 Civ-KAM |
|    Plaintiff, | ) | |
| v. | ) | |
| BANK OF AMERICA CORPORATION, | ) | |
| a foreign corporation, | ) | |
|    Defendants. | ) | |
| | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Defendants, SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES INC., (hereinafter "BSI"), and VENTURES TRUST 2013-I-H-R (hereinafter "VENTURES"), by and through their counsel, hereby respond to Plaintiff Joe Alvarez's (Alvarez) Response to Defendants' Servis Onc., d/b/a BSI Financial Services, Inc. and Ventures Trust 2013-I-H-R Motion to Dismiss with Prejudice and Incorporated Memorandum of Law ("Response") [D.E.37] and in support thereof would state as follows:

**BACKGROUND**

Alvarez filed his Amended Complaint [D.E.18], which added BSI and VENTURES as defendants after this Court's Order dismissing the original Complaint on July 31, 2014 [D.E.12]. In response to the Amended Complaint, BSI and VENTURES filed their Motion to Dismiss with Prejudice and Incorporated Memorandum of Law [D.E.33].

On November 20, 2014, Alvarez filed his Response. Unfortunately, there were no additional facts or circumstances raised in the Response which corrected any of the fatal deficiencies in the Amended Complaint itself. This Reply will seek to clarify the arguments

raised in the Motion to Dismiss the Amended Complaint as well as the Response filed by Alvarez.

## MEMORANDUM OF LAW

## COUNT II – DECLARATORY RELIEF AND COUNT III – CLOUD ON TITLE

Count II seeks declaratory relief and Count III seeks to Quiet Title in the name of Alvarez. However, although traveling under separate legal theories, both counts seek the same relief. Under both counts, Alvarez seeks to void and cancel the mortgage encumbering real property based upon a violation of the Florida Statute of Limitations, Florida Statute §95.11(2)(c).

The underlying basis posited by Alvarez for the cancelling of the mortgage rests in his assertion that the Chapter 7 Order of Discharge entered on June 13, 2008, served as an acceleration of the debt secured by the mortgage. In his response, Alvarez in paragraph 12 states: "As such, due to the fact that subsequent non-payments on a discharged mortgage note cannot be asserted against the Plaintiff, the mortgage lien, in the view of the Plaintiff, is unenforceable and constitutes a cloud on Plaintiff's property."

Alvarez cites no authority, whether statutory or case law, suggesting that the entry of an Order of Discharge not only serves to accelerate the entire debt but additionally serves as a de facto negation of any further payments due thus preventing any future accelerations for defaults on any of the payments due under the note. In fact, the cases cited by Alvarez all stand for the proposition that regardless of the prior acceleration of the debt by a creditor, the statute of limitations does not prevent a subsequent foreclosure action founded upon a different default than that alleged in the previous foreclosure action.

As argued in BSI and VENTURES'S Motion to Dismiss, Alvarez misinterprets the legal effect and consequences of an Order of Discharge under Chapter 7 of the Bankruptcy Code. In the case of *In Re Scantling,* 465 B.R.671 (2012), the court provided a clear and succinct description of the legal effect of the entry of a Chapter 7 Order of Discharge. Although the case dealt with a Chapter 13 petition, it also involved a previous Chapter 7 Petition filed by the same debtor. The court in explaining the legal effect of a Chapter 7 Order of Discharge stated:

> "But that approach reflects a misunderstanding of the effect of a chapter 7 discharge. To be sure, the chapter 7 discharge does extinguish a debtor's personal liability on a secured claim. But it does not extinguish the underlying debt. Rather, the effect of the discharge is to void any judgment on the debt to the extent the judgment is a determination of the debtor's personal liability."

This clearly negates any argument of Alvarez that somehow the Order of Discharge accelerates the entire mortgage debt and prevents a creditor from seeking to bring an action on a specific default on payments due on the debt. The only effect that the discharge has, as stated by the court, is to void any judgment on the debt to the extent that it is a determination or judgment for personal liability. Clearly, in the event that BSI or VENTURES were to bring a foreclosure action on the real property secured by the mortgage, which Alvarez seeks to void, they have every right to do so as long as they do not seek a personal judgment against Alvarez.

Additionally, *In Re: Scantling* takes the discussion further. After clarifying the legal effect of a discharge on the debt itself, the court also describes the effect on any mortgage or secured lien. The court in detailing the effect on a secured lien stated:

> "Nor does the discharge affect the lien. A chapter 7 discharge, by itself, does not extinguish any liens securing the debt. Any lien rights survive bankruptcy and are unaffected by the discharge. In reality, the chapter 7 discharge "extinguishes **\*680** only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an

action against the debtor *in rem.*" A secured creditor's lien continues as an *in rem* claim against the debtor's property."

The Order of Discharge not only does not void any secured lien but additionally does not in any way discharge the debt. It only serves to discharge the debtor from any personal liability for the debt. Alvarez would have this court impose a unsupportable distinction on all debts which are subject to a Chapter 7 Order of Discharge, such that all such debts, which are secured by a mortgage, cease to exist and as such, unless an action is brought within five years of the discharge, as an alleged act of acceleration, no further defaults could be utilized to file an action to foreclose on the collateral. Thus, the mortgage would be null and void, along with the debt itself.

This theory conflicts with recent case law which supports the ability of a creditor to file a foreclosure action using a separate date of default in the event the statute of limitations may have run on the previous foreclosure action. This is supported by the cases cited by Alvarez in his Response. In *SFR Venture, LLC v. Garcia,* 2014 WL 4723515 (Fla. 4th DCA 2014), cited by Alvarez, the court in reversing a judgment quieting title in favor of a condominium association which brought a quiet title action against the lender based upon a violation of the Statute of Limitations stated:

> "Neither the acceleration of the debt nor the adjudication on the merits in the bank's first foreclosure action triggered the application of res judicata to bar actions based on subsequent defaults. As we recently explained, "[w]hile a foreclosure action with an acceleration of the debt may bar a subsequent foreclosure action based on the same event of default, it does not bar subsequent actions and acceleration based upon different events of default." *Evergrene Partners, Inc. v. Citibank, N.A.,* 143 **So**.**3d** 954 (Fla. 4th DCA **2014**) (citing *Singleton,* 882 So.2d at 1008). Thus, the mortgage remains enforceable based on subsequent defaults."

For the aforementioned reasons, as well as the arguments raised in BSI and VENTURES Motion to Dismiss the Amended Complaint, Alvarez's claims under Count II and Count II should be dismissed with prejudice.

## **COUNT I – FRAUD**

BSI and VENTURES would adopt and incorporate the arguments made by BAC in its Reply to the Plaintiff's Response to Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law filed on October 31, 2014 in favor of dismissal with prejudice of Count I. [D.E. 34]. Pages 2-4.

In addition to the argument adopted herein that the fraud claim is barred by the Statute of Limitations relating to the alleged activity at the origination of the loan, there is no basis alleged by Alvarez to support an action for fraud as to BSI or VENTURES regarding the Order of Discharge entered in the Chapter 7 bankruptcy filed by Alvarez.

Alvarez makes a rather tortured attempt to step away from his allegations regarding the origination of the loan as a basis for his action for fraud. In his Response Alvarez points out that the basis for the alleged fraud is the bankruptcy discharge and that the false statement that serves as the grounds for fraud are the enforceability of the mortgage lien, securing the debt due to the bankruptcy discharge. Alvarez points out that the knowledge of the falsity of the statement that the mortgage lien securing the debt is enforceable is: "Knowledge is asserted by stating the bankruptcy case number." [D.E. 37 paragraph 5].

Again, as a basis for fraud against BSI and VENTURES, Alvarez states in his Response "However, BSI is an extension of Ventures Trust attempting to collect on a knowingly discharged debt." As previously argued, the discharge does not discharge the debt or the secured lien on collateral supporting the debt. Alvarez does not provide any specific facts to support a

claim of fraud other than to allege that the Order of Discharge served to accelerate and void the debt thus preventing BSI and Ventures from asserting any rights to receive payments or assert a default in regards to delinquent payments to support an action to foreclose on a valid mortgage lien.

## COUNT IV – FDCPA

As a brief supplement to the legal arguments raised in its Motion to Dismiss the Amended Complaint, BSI and VENTURES would adopt the position laid out in the Reply filed by BAC, [D.E. 34] to the Response filed by Alvarez in the last paragraph before the Wherefore clause.

As stated in its Reply, BAC argues that Alvarez has failed to explain how the mortgage became unenforceable as a result of the Chapter 7 Order of Discharge.  [D.E. 25 at 15.]

In his Response, Alvarez states that: "Rather, Plaintiff's claims are predicated upon the collection of the note which has been discharged in bankruptcy as no foreclosure action can be commenced."  [D.E. 37 paragraph 21.] As argued previously in both this Reply and its Motion to Dismiss with Prejudice, the Order of Discharge does not affect the enforceability of the mortgage lien on collateral for the underlying debt. Alvarez cites no authority and offers no factual allegations to support a violation of the FDCPA other than this unique, but flawed theory of the effect of a bankruptcy discharge.

WHEREFORE, for the reasons and authorities stated herein, as well as in its Motion to Dismiss, BSI and VENTURES respectfully request that the Court dismiss Plaintiff's Amended Complaint with prejudice and grant such other and further relief as this Court deems just and proper.

Dated:  December 8, 2014.                                **BROCK & SCOTT, PLLC**

*Attorney and Trial Counsel for Defendants Servis One, Inc. d/b/a BSI Financial Services, Inc., and Ventures Trust 2013-I-H-R*
1501 N.W. 49th Street, Suite 200
Ft. Lauderdale, FL 33309
Phone: (954) 618-6955, ext. 6060
FLCourtDocs@brockandscott.com
Curtis.herbert@brockandscott.com

By  */s/ Curtis Herbert*
   Curtis Herbert, Esq.
   Florida Bar No. 320862

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on December 8, 2014. I also certify that the foregoing document is being served this day on the following counsel of record electronically:

L. Allen Gaffney, Esq.
SygmanLaw@juno.com; Allen@sygmanlaw.com;
Forrest Sygman, P.A.
Regions Bank Building
8603 South Dixie Highway, Suite 408
Miami, FL 33143
*Attorney for Plaintiff*

Emily Y. Rottmann, Esq.
erottmann@mcguirewoods.com; aabbott@mcguirewoods.com; flservice@mcguirewoods.com
McGuire Woods, LLP
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
(904)798-3200
(904)798-3207 (fax)
*Attorneys for Defendant Bank of America Corporation*

By  */s/ Curtis Herbert*
   Curtis Herbert, Esq.
   Florida Bar No. 320862