UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-60009-KAM

JOE ALVAREZ,

    Plaintiff,

vs.

BANK OF AMERICA CORPORATION, a
foreign corporation, et al.,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

This cause is before the Court on Defendants Bank of America Corporation (BAC) and Bank of America, N.A.'s (BANA) Motion to Dismiss Amended Complaint (DE 25) and Defendants Service One, Inc., d/b/a BSI Financial Services, Inc. (BSI) and Ventures Trust 2013-I-H-R's (Ventures) Motion to Dismiss with Prejudice (DE 33).  The motions are ripe for review.  For the following reasons, the Court concludes that they should be granted and this case dismissed with prejudice.

### I. Background

Plaintiff initiated this action against Defendant BAC in Florida state court in November 2013.  (DE 1-1).  Plaintiff's original complaint generally alleged that Plaintiff held a mortgage with Defendant BAC (a predecessor in interest to Countrywide Financial Services), that Plaintiff obtained a bankruptcy discharge in 2008, and that Defendant's failure to file a foreclosure suit within five years of that discharge rendered the mortgage lien invalid.  (DE 1-1 at 10).  Count I (Quiet Title/Remove Cloud on Title) sought to quiet title and void the mortgage.  (Id.).  Plaintiff

also alleged that he was the third-party beneficiary to a $25 billion contract between Defendant BAC and the United States Treasury Department under the Troubled Asset Relief Program (TARP).  (Id. at 11).  Count II (Breach of Contract/Third Party Beneficiary) sought damages and specific performance based on Defendant's failure to afford him a mortgage modification under TARP.  (Id. at 12).  Count III alleged a violation of the Florida Deceptive and Unfair Trade Practices Act.  (Id.).  Defendant BAC removed to this Court and moved to dismiss.  (DEs 1, 5).

In his response to Defendant's motion, Plaintiff "concede[d] [that] Count I should be dismissed and stipulate[d] to the same."  (DE 6 at 3).  The Court noted this concession (DE 12 at 2) and concluded that the remaining counts should be dismissed as well.  The Court dismissed Plaintiff's claims without prejudice, granting leave to amend.  (Id. at 5).

Plaintiff filed an amended complaint.  (DE 18).  The Amended Complaint alleges that in September 2007, Plaintiff refinanced property that he owned by executing a mortgage in favor of Countrywide Home Loans, Inc.  (DE 18 ¶¶ 7, 12, 14; DE 18-2).  On March 10, 2008, Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code in a case numbered 08-12806-JKO.  (Id. ¶ 20).  Plaintiff does not indicate whether the mortgage was in default at the time he filed his bankruptcy petition.  Plaintiff was granted a bankruptcy discharge on June 13, 2008.  (Id. ¶ 21).  Plaintiff alleges that the mortgagee (Countrywide) did not seek relief from the bankruptcy stay, and he alleges that he did not reaffirm the mortgage debt after the discharge.  (Id.).

In July 2011, Countrywide transferred the mortgage to Defendant BANA.  (Id. ¶ 22).  In October 2013, Defendant BANA denied Plaintiff's request for a mortgage modification, and it advised him that "his only options were 1) Short Sale [or] 2) Foreclosure."  (Id. ¶ 24).  Plaintiff

alleges that the mortgage was subsequently assigned to Defendant Ventures.  (Id. ¶ 27).  Plaintiff alleges that, despite knowing that Plaintiff "obtained discharge of the claimed debt" (id. ¶ 29), Defendants have attempted to collect on it subsequent to his bankruptcy (id. ¶ 27).  According to the amended complaint, "[t]he legal effect of the Bankruptcy filing and discharge of [Plaintiff] renders the loan unenforceable and immediately triggers the right to foreclose."  (Id. ¶ 31).  Therefore, according to the amended complaint, "as the discharge was granted in 2008[,] anyone seeking to foreclose on said mortgage securing the Subject Property was required to initiate foreclosure by 2013," as the applicable state statute of limitations is five years.  (Id. ¶ 32).  According to Plaintiff, Defendants' attempt to collect on this "zombie debt" violates several provisions of law.  (Id. ¶¶ 34-41).

     Specifically, Plaintiff alleges that Defendant BANA committed fraud (Count I) by making "the false representation, subsequent to the discharge in bankruptcy, that Plaintiff must lose his house due to the represented fact that Plaintiff had defaulted on his note and mortgage which were asserted to still be valid."[1]  (Id. ¶ 47).  Plaintiff seeks declaratory relief (Count II) regarding his belief that "the note and mortgage attached to the subject property are void due to the bankruptcy discharge and run[ning] of the applicable statute of limitations."  (Id. ¶ 54).  Plaintiff alleges that the mortgage lien, which is now "invalid," constitutes an impermissible

---

[1]  Plaintiff confusingly alludes to other "false representations" that Countrywide, who is not a party to this action, allegedly made during the origination of the note and mortgage.  (DE 18 ¶¶ 44-46).  In his "Motion to Correct Scrivener's Error" (DE 29), which the Court reads as a response to Defendant BAC's motion to dismiss, Plaintiff clarifies that "the fraud Defendant [sic] complains of is contained in paragraph 47 of the Complaint—that Plaintiff still owed on the debt subsequent to the bankruptcy discharge, up through and including stating Defendant could not reduce Plaintiff's principal and interest on October 16, 2013."  (DE 29 at 3-4; see also DE 37 at 2 ("The material statement is clearly that [sic] enforceability of the mortgage debt.")).

cloud on his title (Count III). (Id. ¶ 69). Finally, Plaintiff alleges that Defendants have violated the Fair Debt Collection Practices Act because they are "debt collectors" attempting to collect on an unenforceable mortgage. (Id. ¶¶ 71, 72-77). As discussed below, Plaintiff's claims are based upon an incorrect legal premise which render them unsupportable as a matter of law.

## II.  Discussion

### A.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the ground on which it rests. Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (internal citation and alteration omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. The Court must accept all of the plaintiff's factual allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

B.   **Enforceability of the Mortgage Lien**

Each count of the Amended Complaint is predicated on the premise that Plaintiff's 2008 bankruptcy discharge rendered the mortgage encumbering his property "unenforceable," either by extinguishing it or by triggering the statute of limitations in which a foreclosure action must be filed. (See DE 18 ¶¶ 29, 32, 47, 54, 62, 71). As Defendants point out, this legal theory is unsupportable. (DE 25 at 7-9; DE 33 at 8-9).

Pursuant to well settled law, "a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor in personam—while leaving intact another—namely, an action against the debtor in rem." Johnson v. Home State Bank, 501 U.S. 78, 84 (1991); see also id. at 80 ("Notwithstanding the discharge, the Bank's right to proceed against petitioner in rem survived the Chapter 7 liquidation."). The United States Supreme has helpfully expounded this principle:

> To put this question in context, we must first say more about the nature of the mortgage interest that survives a Chapter 7 liquidation. A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's in personam liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. However, such a discharge extinguishes only "the personal liability of the debtor." 11 U.S.C. § 524(a)(1). [The Bankruptcy] Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy. See 11 U.S.C. § 522(c)(2).

Id. at 82-83 (internal case citations omitted) (emphasis in original). Plaintiff's response to this

doctrinal statement is simply to ignore it an reassert his legally incorrect interpretation of the law. (DE 37 ¶¶ 8-12).[2]

Nor is there any legal support for Plaintiff's contention that a bankruptcy discharge of his personal liability on the note constitutes a "default" on the entire mortgage, thus triggering the running of the five-year statute of limitations on foreclosure actions. (See DE 37 ¶ 10 (positing, without support, that a bankruptcy discharge operates "as a de facto acceleration")). In Florida, the statute of limitations on foreclosure causes of action begins to run "on the date the acceleration clause is invoked or the stated date of maturity, whichever is earlier." Smith v. F.D.I.C., 61 F.3d 1552, 1561 (11th Cir. 1995). The Amended Complaint is void of any allegation that Defendants invoked the acceleration clause at any point—either before or after Plaintiff's bankruptcy discharge. Plaintiff provides no support for the proposition that all payments due under a mortgage lien, which survives a Chapter 7 discharge, become immediately due upon entry of the discharge.

The Court notes that it is somewhat puzzling how Plaintiff was able to retain possession of the mortgaged property after his bankruptcy discharge, given that he alleges that he did not reaffirm the debt. (DE 18 ¶¶ 21, 23). The law in the Eleventh Circuit is clear that "a chapter 7

---

[2] "Essentially, Defendant's [sic] assert that while the discharge may have done away with the mortgage note, the mortgage lien continues to operate as a valid perfected lien. The purpose of a mortgage is to condition conveying property for the purpose of securing the payment of money. By virtue of the bankruptcy discharge, no further installments of the debt can be due—it operates as a de facto acceleration. After a discharge, a note holder cannot wait for the next installment to declare a default for non-payment. If a holder/owner of a mortgage cannot be enforced through a subsequent default, it is not a valid lien. As such, due to the fact that subsequent non-payments on a discharged mortgage note cannot be asserted against the Plaintiff, the mortgage lien, in the view of Plaintiff, is unenforceable lien and constitutes a cloud on Plaintiff's property." (DE 37 ¶¶ 8-12) (internal citations omitted).

debtor has only three options with respect to property subject to a lien or mortgage: (1) surrender the property; (2) redeem the property; or (3) reaffirm the debt." In re Steinberg, 447 B.R. 355, 357 (Bankr. S.D. Fla. 2011) (citing Taylor v. AGE Fed. Cred. Union (In re Taylor), 3 F.3d 1512, 1517 (11th Cir. 1993)).  Plaintiff's sparse factual allegations regarding his bankruptcy do not indicate which option, if any, he chose.  (DE 18 ¶¶ 20-21).  This factual gap does not affect Plaintiff's failure to state a claim, however.  As one bankruptcy court noted:

> When a debtor is unwilling to enter into a reaffirmation agreement and unable to pay off the mortgage, the mortgagee may nonetheless determine that it does not wish to obtain its collateral or dispossess the debtor.  The debtor may continue to make periodic mortgage payments in order to discourage the mortgagee from foreclosing on the property.  The mortgagee may accept such payments and not seek to foreclose.  Section 524(j) [of the Bankruptcy Code] recognizes this possibility and specifically empowers the mortgagee to take action to seek or obtain regular mortgage payments, in the ordinary course of business, in lieu of pursuing an in rem foreclosure.

In re Steinberg, 447 B.R. at 359.  According to the facts alleged by Plaintiff, Plaintiff obtained a bankruptcy discharge, retained possession of the mortgaged property, and did not enter into a reaffirmation agreement.  (DE 18 ¶¶ 21, 67).  Under these circumstances, the only way Plaintiff can prevent in rem foreclosure proceedings against his property is to continue to make periodic payments on the mortgage.  It is neither fraud, a cloud on title, nor a violation of the FDCPA[3] for

---

[3] Plaintiff fails to state a claim under the FDCPA for independent reasons.  First, the FDCPA's application to "debt collectors" excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person; [or] concerns a debt which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6)(F).  By Plaintiff's allegations, Defendants BAC and BANA are predecessor's in interest to the loan's originator, Countrywide Home Loans, Inc. (DE 18 ¶ 22).  And importantly, and fatally, Plaintiff does not allege that the loan was in default at the time it was obtained by any Defendant.  Second, outside the context of 15 U.S.C. 1692f(6), which is inapplicable to the present case, "a person enforcing

Defendants to threaten exercise of their surviving in rem rights against Plaintiff's property. Accordingly, the Amended Complaint fails to state a claim. The Court finds that further amendment would be futile; therefore, an additional leave to amend shall not be granted.

### III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Amended Complaint (DE 25) and Motion to Dismiss with Prejudice (DE 33) are **GRANTED**.  All claims within the Amended Complaint are **DISMISSED WITH PREJUDICE**.  All pending motions are **DENIED AS MOOT**.  The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of April, 2015.

_____
KENNETH A. MARRA
United States District Court

---

a security interest is not a debt collector" subject to the FDCPA.  Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460 (11th Cir. 2009) (unpublished).  Defendants efforts to enforce their security interest "through the foreclosure process" is therefore not actionable debt collection under the FDCPA.  See id.